UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BLAKE ROBERT HOBBS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 13-CV-0673-CVE-FHM |
| ) | |
| **RUI ZHAO,** ) | |
| d/b/a R & M Express, and ) | |
| **NORTHLAND INSURANCE COMPANY,** ) | |
| ) | |
| **Defendants.** ) | |

**OPINION AND ORDER**

Now before the Court is Plaintiff's Motion to Remand and Brief in Support (Dkt. # 12). Defendant Rui Zhao d/b/a R & M Express (Zhao) removed this case from the District Court of Craig County, State of Oklahoma, on October 11, 2013, on the basis of diversity jurisdiction. Dkt. # 2. Plaintiff asks this Court to remand because of untimeliness. Zhao denies that the removal was untimely.

**I.**

On February 5, 2013, Blake Robert Hobbs filed this suit in the District Court of Craig County, Oklahoma, alleging that Zhao's gross negligence in parking a tractor trailer "in the westbound lanes of I-44 without lights on" resulted in a collision between plaintiff's and Zhao's vehicles. Dkt. # 2-1, at 2-3. The petition alleges that the "violent crash" inflicted "severe, painful and permanent injuries on the Plaintiff," prevented plaintiff "from transacting his business," and forced plaintiff "to expend large sums of money to effect a cure to his injuries, which injuries have caused him to lose earning and earnings capacity and which injuries will cause him to suffer

disfiguring, painful and permanent injuries." Id. at 3. The petition prayed "for judgment against the Defendants, and each of them, for a sum in excess of $10,000 as actual damages herein, and a sum in excess of $10,000 as and for punitive damages . . . and for such other relief to which he may be entitled." Id.[1]

In May 2013, plaintiff provided his responses to Zhao's first interrogatories. Dkt. # 2-11. Plaintiff stated that, due to his injury, he was unable to attend work from December 8, 2012, to May 3, 2013. Id. at 5. Plaintiff also stated that he had "a shattered right femur, large knots on [his] left leg and cuts, cuts on [his] face, head, chest, and arms," as well as "right knee pain, bruising to [his] chest, legs, hips, arms and face." Id. at 8. Further, plaintiff had "torn muscles in [his] chest and arms, as well as nerve damage and loss of feeling in parts of [sic] legs." Id. Additionally, plaintiff stated that future medical care may be necessary. Id. Specifically, he "may have surgery to [his] right knee to repair bone" because the cartilage in the knee was destroyed in the accident. Id. He further stated that he may also require surgery to remove a rod in his femur. Id. At the same time, plaintiff produced a medical expense summary sheet. Dkt. # 2-12, at 10-11. The total medical expenses included on the summary sheet were listed as $49,434.28. Id. at 11. However, the summary sheet did not include the medical bills of some of the providers that plaintiff had already

---

[1] On March 4, 2013, Zhao filed a motion to clarify damages pursuant to Okla. Stat. tit. 12, §§ 2008(A)(2), 2009(H). Dkt. # 2-2. Plaintiff filed a response arguing that The Comprehensive Lawsuit Reform Act of 2009 (CLRA), of which sections 2008 and 2009 were a part, was unconstitutional. Dkt. # 2-3. Judge McBride of the District Court of Craig County found the CLRA to be unconstitutional, but nonetheless ordered plaintiff to state if he was seeking damages in excess of $75,000. Dkt. # 2-5. On June 4, 2013, the Oklahoma Supreme Court held that the CLRA violated the Oklahoma Constitution's single-subject requirement and was void in its entirety. Douglas v. Cox Retirement Props., Inc., 302 P.3d 789, 794 (Okla. 2013). Plaintiff then sought reconsideration of Judge McBride's ruling. Dkt. # 2-7. Judge McBride ultimately vacated his order requiring plaintiff to clarify his damages. Dkt. # 2-8.

seen. Dkt. # 12, at 3. <u>Compare</u> Dkt. # 2-11, at 3, <u>with</u> Dkt. # 2-12, at 10-11. Plaintiff also states that he produced tax returns for 2011 and 2012, which listed his yearly wages as $33,758 and $35,336 respectively. Dkt. # 12, at 2-3; Dkt. # 12-1, at 2-3; <u>see also</u> Dkt. # 2-12, at 3.

On September 23, 2013, Zhao received responses from subpoenas duces tecum to plaintiff's medical providers. Dkt. # 13, at 2. Those subpoenas were issued on behalf of Zhao and provided documentation of additional medical expenses incurred by plaintiff. <u>Id.</u> at 5; Dkt. # 2, at 5. On September 30, 2013, plaintiff filed his response to a request for admission. Dkt. # 2-14. In that response, plaintiff listed his average rate of pay as more than $650 per week. <u>Id.</u> at 2.

Zhao removed this case to federal court on October 11, 2013, on the basis of diversity jurisdiction. Dkt. # 2. Plaintiff is a citizen of Oklahoma, Zhao is a citizen of California, and Northland Insurance Company is incorporated under the laws of the state of Minnesota and has its principal place of business in Minnesota. <u>Id.</u> at 5. The notice of removal states that documents provided by plaintiff's medical providers on September 23, 2013, show that plaintiff has incurred medical expenses of at least $75,285.24. <u>Id.</u> A motion to remand was filed on November 12, 2013. Dkt. # 12.[2]

**II.**

Removal to federal court is possible for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28. U.S.C. § 1441 (2011). District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000, exclusive of interest and costs, and is between . . . citizens of different [s]tates." 28

---

[2] While Zhao has filed a response to the motion to remand (Dkt. # 13), plaintiff has not filed a reply, and the time to do so has lapsed.

3

U.S.C. § 1332(a). Under § 1332, a party must show that complete diversity of citizenship exists between the adverse parties. Symes v. Harris, 472 F.3d 754, 758 (10th Cir. 2006). "[G]iven the limited scope of federal jurisdiction, there is a presumption against removal, and courts must deny such jurisdiction if not affirmatively apparent on the record." Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp., 149 F. App'x 775, 778 (10th Cir. 2005).[3]

### III.

Plaintiff argues that removal was untimely. Dkt. # 12, at 1. Plaintiff alleges that it became ascertainable that the case was removable more than thirty days prior to removal. Id. at 1-2. Zhao contends that removal was timely, because it was not possible to determine that the amount in controversy exceeded $75,000 until September 23, 2013, when Zhao received additional medical information as a result of his independent inquiries. Dkt. # 13, at 2.

Under 28 U.S.C. § 1332(a), a removing defendant has the burden of proving that the amount in controversy exceeds $75,000. "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. The burden is on the party requesting removal to set forth, in the notice of removal itself, the *underlying facts* supporting [the] assertion that the amount in controversy exceeds [$75,000]." Laughlin v. KMart Corp., 50 F.3d 871, 873 (10th Cir. 1995) (quoting Gaus v. Miles, Inc, 980 F.2d 564, 567 (9th Cir. 1992)) (internal quotation marks omitted) (emphasis in original). Conclusory statements by the party seeking removal that the amount in controversy exceeds $75,000 are insufficient. See id.; see also, e.g., Gaus, 980 F.2d 564. Thus, where the face of the complaint does

---

[3] This and all other unpublished decisions are not precedential, but are cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

not affirmatively establish the requisite amount in controversy, a removing defendant must set forth, in the removal documents, not only the defendant's good faith belief that the amount in controversy exceeds $75,000, but also an analysis of plaintiff's claims for damages to prove the jurisdictional amount. Chidester v. Kaz, Inc., No. 07-CV-0084-CVE-PJC, 2007 WL 1087728, at *2 (N.D. Okla. April 9, 2007)

The Tenth Circuit Court of Appeals clarified the burden on a defendant seeking to prove the jurisdictional amount for removal purposes in McPhail v. Deere & Co., 529 F.3d 947 (10th Cir. 2008). In McPhail, the Tenth Circuit noted the inequity of allowing plaintiffs to gain jurisdiction in federal court by merely alleging that the amount in controversy exceeded the jurisdictional amount but allowing defendants to gain federal jurisdiction only after proving the amount by a preponderance of the evidence. 529 F.3d at 953. The court was particularly concerned by the lack of information typically available to defendants seeking to remove a case, and the need to protect the interests of those parties. Id. As a result, it concluded that although a defendant seeking removal has the burden of establishing jurisdictional facts by a preponderance of the evidence, "jurisdiction itself is a legal conclusion, a *consequence* of facts rather than a provable 'fact.'" Id. at 954 (quoting Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 540-43 (7th Cir. 20006)) (internal quotation marks omitted) (emphasis in original). Thus, once the requisite jurisdictional facts are established by a preponderance of the evidence, "a defendant is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake. If the amount is uncertain then there is potential controversy, which is to say that at least $75,000 is in controversy in the case." Id. at 954.

A "defendant must affirmatively establish jurisdiction by proving jurisdictional *facts* that made it *possible* that $75,000 [is] in play . . . ." McPhail, 529 F.3d at 955 (emphasis in original).

5

A "defendant may rely on an estimate of the potential damages from the allegations in the complaint." Id. The nature of a plaintiff's claims may be relied upon in support of a notice of removal. See id. at 955-56. Additionally, punitive damages may be included in the jurisdictional amount. Burrell v. Burrell, No. 00-2031, 2000 WL 1113702, at *2 (10th Cir. Aug. 7, 2000).

Where a defendant chooses to exercise the right of removal, it must file a notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . [or] after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).[4] It is "ascertained" that a case is removable when the defendant learns that the case is removable "with certainty." DeBry v. Transamerica Corp., 601 F.2d 480, 488-89 (10th Cir. 1979). The thirty day period in which removal must be filed will not begin to run until it is unequivocally clear that the case is removable. See id. at 489 ("If the statute is going to run, the notice ought to be unequivocal."). Additionally, discovery materials that are "reluctant and evasive" are less likely to constitute adequate notice. See id. at 488 ("We merely say that this deposition . . . was not an adequate notice for the reasons first, that it was not voluntary, and, secondly, that it was reluctant and evasive.").

---

[4] The term "other paper" in section 1446(b) has been given an "embracive construction;" federal courts have held that items such as deposition answers, jury instructions, and documents produced in discovery constitute "other papers" for purposes of creating a second 30-day period of removability. E.g., Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d 1072, 1076-78 (10th Cir.1999) (quoting 14C Charles Alan Wright et al., Federal Practice and Procedure § 3732 at 300-10 (3rd ed. 1998)); Liberty Mut. Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 745 (3rd Cir. 1995); Burns v. Prudential Sec., Inc., 218 F. Supp. 2d 911, 915-17 (N.D. Ohio 2002).

By plaintiff's own admission, plaintiff's documented past medical bills, estimated lost wages, and explicitly requested punitive damages fail to reach the jurisdictional minimum of $75,000. Dkt. # 12, at 3. The question is whether it was unequivocally clear that additional jurisdictional facts showing that the amount in controversy did exceed the jurisdictional minimum existed--and were included in a pleading, motion, order, or other paper--more than thirty days prior to the filing of the notice of removal.

Plaintiff suggests a number of sources for the necessary jurisdictional facts. Plaintiff states that, because he had not received bills from some of his medical service providers, his medical express summary sheet was incomplete, and that defendants had notice that additional medical expenses had already been incurred. While plaintiff admitted that treatment remained ongoing, neither his answer to a request for production nor the summary sheet makes unequivocally clear that additional incurred medical expenses exist. See Dkt. # 2-12, at 3, 10-11. It is entirely possible that any outstanding bills were de minimis, or that the medical service providers not listed on the summary sheet, such as plaintiff's orthopedic surgeon, had their bills included with those of another provider, such as a hospital.

Plaintiff also suggests that his potential future medical expenses result in the claim reaching the jurisdictional minimum. However, speculation as to future medical bills is disfavored. Reed v. State Farm Mut. Auto. Ins. Co., No. 05-CV-0556-CVE-SAJ, 2005 WL 3110686, at *2 (N.D. Okla. Nov. 18, 2005). Additionally, plaintiff's interrogatory answers state only that future medical care "may" happen, not that it is a certainty. Dkt. # 2-11, at 8. Plaintiff states that his claim may include additional lost wages or lost earning capacity. However, there is nothing in the record to suggest that plaintiff supplemented his interrogatories to inform defendants of continued unemployment or

provided defendants with any basis for determining how long he would remain unable to work.[5] Without additional information, any additional lost wages or harm to earning capacity remained just as speculative as future medical expenses.

Plaintiff claims that his petition makes clear that he is seeking damages for pain and suffering. While plaintiff's petition does state that plaintiff suffered disfiguring and painful injuries, it does not state explicitly that plaintiff is seeking pain and suffering damages, nor does it provide defendants any basis for calculating the amount of those damages. See generally Dkt. # 2-1.

Neither is plaintiff's claim that punitive damages could potentially lead to the amount in controversy exceeding the jurisdictional minimum sufficient to establish that the jurisdictional minimum has been met. Removal based on punitive damages requires a defendant to show that punitive damages are likely to be awarded and to provide an economic analysis as to the amount of those damages. See Beaumont v. Fortis Benefits Ins. Co., No. 07-CV-050-GKF-FHM, 2008 WL 906186, at *5 (N.D. Okla. Mar. 29, 2008) ("The mere possibility that punitive damages could exceed the jurisdictional amount is not enough to meet the burden of establishing federal court jurisdiction."); Madlock v. Farmers Ins. Co., Inc., No. 07-CV-703-CVE-PJC, 2007 WL 4554186, at *3 (N.D. Okla. Dec. 19, 2007) ("When, as here, plaintiff's damages are admittedly unspecified, defendant must do more than broadly reference the causes of action within plaintiff's complaint. Defendant must show that plaintiff is likely to recover punitive damages and provide an analysis as to the amount of punitive damages.") (citation omitted); Allison v. Metro. Life Ins. Co., No. 07-CV-0006-CVE-FHM, 2007 WL 1160329, at *3 (N.D. Okla. Apr. 17, 2007) ("[T]his Court has held

---

[5] Plaintiff's response to a request for admission seems to suggest that he returned to work some time between May 2013 and September 2013. See Dkt. # 2-14.

numerous times that the mere invocation of state law limits on punitive damages does not establish the underlying facts necessary to fix the amount in controversy . . . ."). The pleadings, motions, orders, and other paper provided to defendant prior to his notice of removal establish only the possibility that punitive damages may be awarded, not that it is likely that punitive damages sufficient to meet the jurisdictional minimum will be awarded.

This Court finds the reasoning of <u>Wagoner v. Hussey Seating Co.</u>, No. 13-CV-352-TCK-PJC, 2013 WL 6048853 (N.D. Okla. Nov. 14, 2013), instructive.

> Based on the serious and extensive nature of Plaintiff's accident, which resulted in paralysis, confinement to a wheelchair, and significant ongoing medical care, it seems obvious that she seeks in excess of $75,000. But Plaintiff refused to plead that amount, refused to admit that amount in discovery, and prior to May 14, 2013, had not provided any "other paper" allowing Defendants to satisfy their burden of establishing that amount upon removal. Under these circumstances, Plaintiff's argument that Hussey was somehow dilatory in its removal effort is wholly unpersuasive.

<u>Id.</u> at * 7. While in this case it may seem obvious that plaintiff will seek at least the jurisdictional minimum in damages, plaintiff has not plead that amount, has not admitted to that amount, and has not provided any other paper conclusively establishing that that amount is being sought. Defendants were simply unable to know with certainty that over $75,000 was being sought until they received documents from plaintiff's medical providers.[6] Until then, defendants did not have unequivocal notice that the case was removable. Accordingly, plaintiff has not shown that defendant had unequivocal notice that the case was removable in May 2013, and the notice of removal was timely.

---

[6] Those documents, even if received more than thirty days before the case was removed, would not begin the thirty day clock. <u>See</u> <u>Wagoner</u>, 2013 WL 6048853 at *6 (stating that the thirty day clock begins to run only upon the voluntary action of the plaintiff).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand and Brief in Support (Dkt. # 12) is **denied.**

**IT IS FURTHER ORDERED** that defendant Northland Insurance Company shall file its answer to plaintiff's complaint forthwith.

**DATED** this 7th day of January, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE