UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

BLAKE ROBERT HOBBS,            )
                               )
        Plaintiff,             )
                               )
v.                             )   Case No. 13-CV-0673-CVE-FHM
                               )
RUI ZHAO,                      )
d/b/a R & M Express, and       )
NORTHLAND INSURANCE COMPANY,   )
                               )
        Defendants.            )

**OPINION AND ORDER**

Now before the Court is plaintiff's Objections to Opinion and Order (Dkt. # 19). Plaintiff Blake Robert Hobbs objects to the magistrate judge's order (Dkt. # 16) denying plaintiff's motion to compel (Dkt. # 10). Plaintiff seeks the production of trip and operation documents and a log book. The magistrate judge denied plaintiff's motion to compel because defendant Rui Zhao, doing business as R&M Express (Zhao), asserted that the motion was moot and plaintiff did not file a reply brief challenging that assertion.

I.

On February 5, 2013, Blake Robert Hobbs filed suit in the District Court of Craig County, Oklahoma alleging that Zhao's gross negligence in parking a tractor trailer "in the westbound lanes of I-44 without lights on" resulted in a collision between plaintiff's and Zhao's vehicles. Dkt. # 2-1, at 2-3. On February 8, 2013, Zhao was served with plaintiff's first discovery requests. See Dkt. # 2-32, at 2. The discovery requests contained a number of requests for production, including requests for "[c]omplete and clearly readable copies of all trip and operation documents pertaining to the

movement of cargo by Riu [sic] Zhao" (Request No. 1) and "[c]omplete and clearly readable copies of all driver's **record of duty status and driver's daily logs**" (Request No. 6). Id. at 19, 22 (emphasis in original). Request No. 1 included a list of documents that would be required to satisfy that request, divided into eight subsections labeled "a" through "h." Id. at 19-20.

Zhao, in his response to plaintiff's first discovery requests, objected to Request No. 1 "as overly broad and not reasonably limited in time or scope." Dkt. # 2-34, at 14. However, Zhao did provide documents relating to trip expenses, documents which were specifically requested in subsection "b" of Request No. 1. Id. In response to Request No. 6, Zhao states that the "log book maintained by Mr. Zhao was damaged in the accident described in Plaintiff's Petition; however, a copy will be produced upon request." Id. at 17.

Plaintiff filed a motion to compel. Dkt. # 10. Plaintiff's motion to compel sought the documents requested in the other seven subsections of Request No. 1 and a copy of Zhao's driver log book. Dkt. # 10, at 1.[1] Zhao removed this case to federal court on October 11, 2013, on the basis of diversity jurisdiction. Dkt. # 2. Zhao's response to plaintiff's motion to compel was filed on October 23, 2013. Dkt. # 11. In his response, Zhao stated that the only basis for plaintiff's motion to compel was the production of his log book, and that the log book was available for viewing and inspection. Id. at 1-2.[2] The response stated that, because the log book was available for inspection, the motion to compel was moot. Id. at 2. The response made no mention of the documents sought in conjunction with Request No. 1. See generally id. Plaintiff did not file a reply.

---

[1]   In plaintiff's motion to compel, plaintiff incorrectly refers to the log book as being produced in response to Request for Production No. 5. Dkt. # 10, at 1.

[2]   Due to damage sustained during the accident, the log book could not be reproduced "without substantially altering it from its current state." Dkt. # 11, at 2.

On January 7, 2014, Magistrate Judge Frank H. McCarthy entered an opinion and order denying plaintiff's motion to compel. Dkt. # 16. The opinion noted that Zhao's response asserted that the motion was moot and that plaintiff had not filed a reply challenging that assertion. Id. Magistrate Judge McCarthy concluded that the motion should be denied. Id.

Plaintiff filed an objection to the opinion and order on January 17, 2014. Dkt. # 19. Plaintiff reiterates that the documents demanded by Request No. 1, with the exception of trip expenses, had not been produced. Id. at 1-2. Plaintiff contends that, because those documents had not been produced or made available for inspection, the motion to compel is not moot. Id. at 2. Plaintiff further contends that his failure to file a reply does not constitute a waiver of the issues presented in his motion to compel. Id.

## II.

Federal magistrate judges may hear and determine any pretrial matter that is not dispositive of the case and must enter a "written order setting forth the disposition of the matter." 28 U.S.C. § 636(b)(1); Phillips v. Beierwaltes, 466 F.3d 1217, 1222 (10th Cir. 2006). Fed. R. Civ. P. 72(a) provides that an order of the magistrate judge on a pretrial matter that is not dispositive shall be set aside or modified only if the order is found to be clearly erroneous or contrary to law. Under this standard, the district court should affirm the magistrate judge's order "unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Allen v. Sybase, Inc., 468 F.3d 642, 658 (10th Cir. 2006) (quoting Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988)).

### III.

Plaintiff argues that his motion to compel was not moot because, while Zhao has stated that the log book is available for viewing, Zhao has made no response as to the other documents sought. Dkt. # 19, at 2. Plaintiff also argues that his failure to file a reply did not act as a waiver of the issues brought by his motion. Id.

Plaintiff's motion to compel was not moot. Although the log book may be available for plaintiff's inspection, there is nothing to suggest that the material sought by plaintiff in Request No. 1 has been produced. Plaintiff's failure to file a reply does not act as a confession that the motion is moot. Plaintiff's motion should not have been denied upon those grounds.

**IT IS THEREFORE ORDERED** that plaintiff's Objections to Opinion and Order (Dkt. # 19) is **granted**; and the matter is **returned** to the magistrate judge for further proceedings.

**DATED** this 4th day of February, 2014.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE