# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BLAKE ROBERT HOBBS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13-CV-0673-CVE-FHM |
| | ) |
| RUI ZHAO, | ) |
| d/b/a R & M Express, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court are Defendant, Northland Insurance Company's Motion for Summary Judgment and Brief in Support (Dkt. # 49) and Plaintiff's Alternative Motion to Certify (Dkt. # 52). Defendant Northland Insurance Company (Northland) argues that plaintiff cannot maintain a direct cause of action against it. Dkt. # 49, at 4-9. Plaintiff argues that Oklahoma law allows direct actions against the insurers of motor vehicle carriers. Dkt. # 51. In the alternative, plaintiff has requested that a question be certified to the Supreme Court of Oklahoma. Dkt. # 52.

## I.

On February 5, 2013, Blake Robert Hobbs filed this suit in the District Court of Craig County, Oklahoma, alleging that Rui Zhao d/b/a R & M Express (Zhao) acted with gross negligence by parking a tractor trailer "in the westbound lanes of I-44 without lights on," resulting in a collision between plaintiff's and Zhao's vehicles. Dkt. # 2-1, at 2-3. Zhao removed this case to federal court on October 11, 2013, on the basis of diversity jurisdiction. Dkt. # 2. On March 13, 2014, plaintiff filed an amended complaint alleging that Zhao had acted with gross negligence and that Amazon.com, Inc. and Grand Express Corp. were negligent in entrusting their cargo to Zhao. Dkt.

# 28, at 2. The amended complaint also stated that, pursuant to Okla. Stat. tit. 47, § 230.30, Northland is a proper party, as it is the insurer of Zhao.

The following facts are undisputed.[1]

Zhao "was insured under a policy of liability insurance issued by Northland" at the time of the accident. Dkt. # 49, at 2; see also Dkt. # 49-2; Dkt. # 51, at 1. "Rui Zhao is a resident of the State of California." Dkt. # 49-1, at 1. Zhao operates his business out of and its principal place of business is in California. Id. Zhao is not a resident of Oklahoma. Id. Zhao has not "filed with the Oklahoma Corporation Commission [OCC] a copy of the liability insurance policy issued by [Northland] and which was in force and effect at the time of the accident." Id. at 1-2. The OCC has never demanded or required Zhao to file, or have approved by the OCC, any liability insurance policy issued by Northland. Id. at 2. The OCC neither required, nor sought to approve, the liability insurance policy issued to Zhao by Northland. Id. Zhao had not "sought the issuance of a motor carrier license from the [OCC] prior to the accident giving rise to this lawsuit." Id. Zhao is an

---

[1] Plaintiff argues that some facts are in dispute because they are not supported by admissible evidence, as they are based on admissions made by Zhao to Northland's requests for admissions. Dkt. # 51, at 2-3. Admissions may be used to support a fact. Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including . . . admissions . . . ."); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) ("Under Rule 56(c), summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'") (quoting Fed. R. Civ. P. 56(c) (1963)). Additionally, plaintiff argues that the fact that Zhao registered with the Unified Carrier Registration System somehow disputes some of Zhao's admissions. Dkt. # 51, at 2. This argument is wholly without merit. There are no evidentiary materials in the record that tend to dispute the facts supported by the admissions. Therefore, the facts are undisputed.

2

interstate carrier. Dkt. # 51-2, at 1. Zhao's liability insurance policy has been filed with the Federal Motor Carrier Safety Administration. Dkt. # 49-2, at 29.

## II.

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 317. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Id. at 327.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 250. In its review,

3

the Court construes the record in the light most favorable to the party opposing summary judgment. Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir. 1998).

## III.

### A. Motion to Certify Question

Plaintiff requests that this Court certify a question to the Supreme Court of Oklahoma, namely, whether Northland may be sued directly in this action. Dkt. # 52. Northland responds that that question has already been answered by multiple federal courts in Oklahoma, as well as the Oklahoma Court of Civil Appeals. Dkt. # 54, at 1-3.

The decision to certify a question of law to a state court is within the discretion of a federal district court. See Oliveros v. Mitchell, 449 F.3d 1091, 1093 (10th Cir. 2006); Coletti v. Cudd Pressure Control, 165 F.3d 767, 775 (10th Cir. 1999); Allstate Ins. Co. v. Brown, 920 F.2d 664, 667 (10th Cir. 1990). Under Okla. Stat. tit. 20, § 1602, the Oklahoma Supreme Court has the power to accept a certified question from a federal court if the outcome of the federal litigation depends on a controlling issue of state law and the issue cannot be resolved by reference to an Oklahoma statute, constitutional provision, or judicial decision. Certification is appropriate "where the legal question at issue is novel and the applicable state law is unsettled," but a federal district court is not compelled to certify such issues to a state court. Society of Lloyd's v. Reinhart, 402 F.3d 982, 1001 (10th Cir. 2005). "Certification is not to be routinely invoked whenever a federal court is presented with an unsettled question of state law." Armijo v. Ex Cam, Inc., 843 F.2d 406, 407 (10th Cir. 1988).

This Court declines to certify this question to the Oklahoma Supreme Court. The issue is not novel; multiple federal courts and the Oklahoma Court of Civil Appeals have considered this

issue. There is no reason to believe that the Oklahoma Supreme Court would rule any differently than those courts.

**B. Motion for Summary Judgment**

Northland argues that, under Oklahoma law, plaintiff cannot maintain a direct action against it as a liability insurer for a motor carrier. Dkt. # 49, at 4-9. Plaintiff's claim is based upon diversity jurisdiction. As a result, the law of Oklahoma is to be applied in determining the substantive rights of the parties to the action. See Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938). "The common law system of remedies remains in full force in Oklahoma. . . . Unless a statute expressly creates a remedy not existent at common law none will be found to exist." Hubbard v. Liberty Mut. Fire Ins. Co., 2007 WL 1299270, at * 2 (E.D. Okla. May 1, 2007) (citing Ricks Exploration Co. v. Okla. Water Res. Bd., 695 P.2d 498, 504 (Okla. 1984)).

Oklahoma adheres to the majority rule that a defendant's insurer cannot be directly[2] sued by a plaintiff. Daigle v. Hamilton, 782 P.2d 1379, 1380 & n.1 (Okla. 1989). Oklahoma law does, however, have "two statutory provisions which have been previously interpreted to allow direct actions against an insurer of a motor carrier:" Okla. Stat. tit. 47, § 169 and Okla. Stat. tit. 47, § 230.30. Hubbard, 2007 WL 1299270, at *2. Section 169 "applies to motor carriers of household goods or used emigrant moveables and provides that no certificate or permit shall be issued by the [OCC] until after such motor carrier files with the OCC a liability insurance policy or bond covering public liability and property damage." Id. Section 169 applies only to intrastate motor carriers. See Fierro v. Lincoln Gen. Ins. Co., 217 P.3d 158, 160 (Okla. Civ. App. 2009) ("Based on this

---

[2] "Directly" and "direct actions" refer to "direct joint actions," as opposed to "direct sequential actions." See Green v. ACE Am. Ins. Co., No. CIV-07-1377-HE, 2008 WL 4372871, at *2 n.2 (W.D. Okla. 2008 Sept. 19, 2008).

legislation, we find § 169 is confined to household goods and used emigrant movables <u>or other intrastate motor carriers</u>, and thus, inapplicable.") (emphasis added); see also Hubbard, 2007 WL 1299270, at *2 (holding that section 169 applies only to carriers whose principal place of business is in Oklahoma). Because it is undisputed that Zhao is an interstate carrier whose principal place of business is not in Oklahoma, section 169 is inapplicable.

The Oklahoma Motor Carriers Act, Okla. Stat. tit. 47, § 230.21 et. seq., "has permitted a direct action against the insurer of a motor carrier who has registered and filed a certificate of insurance with the [OCC]." Hubbard, 2007 WL 1299270, at *2. However, under section 230.30 of the Motor Carriers Act, "only those policies or bonds that the statute itself requires to be filed with and approved by the [OCC] prior to the issuance of a motor carrier's license . . . create a direct cause of action against the insurer who issued the policy or bond." Lamb v. Scotts Miracle-Gro Co., No. 06-CV-32-JHP, 2007 WL 1959289, at *4 (E.D. Okla. July 2, 2007); see also Fierro, 217 P.3d at 161 (Adams, J., concurring) (stating that the provisions of section 230.30 "apply only to those motor carriers required to obtain a license from the [OCC]" and that section 230.30 does not apply to motor carriers that are "properly registered in another state under the single state registration provisions"). If a motor vehicle carrier has not filed a policy or bond with the OCC in accordance with section 230.30, then the injured party cannot bring a direct cause of action against the motor vehicle carrier's insurer. Lamb, 2007 WL 1959289, at *6; see also Green v. ACE Am. Ins. Co., No. CIV-07-1377-HE, 2008 WL 4372871, at *3 (W.D. Okla. 2008 Sept. 19, 2008) ("Absent registration with and licensing by the [OCC], 'section 230.30 and Oklahoma case law that interprets that section (and its predecessors) as authorizing a direct action against, and the joinder of, a motor carrier's insurer, are inapplicable.'") (quoting Frazier v. Daleen, No. Civ-06-620-W, 2006 U.S. Dist. LEXIS

6

97810, at *8 (W.D. Okla. Dec. 11, 2006)); Hubbard, 2007 WL 1299270, at * 3. Zhao has not obtained an Oklahoma license from the OCC and did not file with the OCC a liability insurance policy or bond covering public liability and property damage pursuant to section 230.30. Dkt. # 38, at 7. Therefore, section 230.30 does not allow for a direct action against Northland.

Plaintiff argues that the Unified Carrier Registration program (UCR) "indirectly or unifiedly" results in Zhao registering in Oklahoma and allows Northland to be directly sued. Dkt. # 51, at 3. Plaintiff's argument has been roundly rejected; merely submitting a home state's insurance policy as part of the UCR (the successor to the Single State Registration System) is insufficient to allow a direct cause of action under section 230.30. See Green, 2008 WL 4372871, at *2 n.2; Hubbard, 2007 WL 1299270, at * 3; Wallace v. Ormsby Trucking, Inc., No. CIV-04-1312-R, 2006 U.S. Dist. LEXIS 97823, at *6-10 (W.D. Okla. May 5, 2006); Fierro, 217 P.3d at 160-61. Because there is no means of direct recovery against it under Oklahoma law,[3] Northland is entitled to judgment as a matter of law. Cf. Fierro, 217 P.3d at 161 (noting that no prejudice arises from a grant of summary judgment in favor of a liability insurer where a plaintiff may proceed against the insurer if he prevails in his lawsuit).

**IT IS THEREFORE ORDERED** that Defendant, Northland Insurance Company's Motion for Summary Judgment and Brief in Support (Dkt. # 49) is **granted**. Defendant Northland Insurance Company is terminated as a party defendant.

---

[3] A direct action against an insurer is not authorized by federal law. Hubbard, 2007 WL 1299270, at *3 (citing 49 C.F.R. § 387.15). "[U]nder the standard Form MCS-90 which is required of motor carriers' insurers, an insurer agrees to pay any final judgment recovered against the insured motor carrier for public liability resulting from negligence in the operation of a motor vehicle." Id. But since there is not yet judgment in favor of the plaintiff and against the defendant motor carrier, "the plaintiff may not recover directly from [Northland]." Id.

**IT IS FURTHER ORDERED** that Plaintiff's Alternative Motion to Certify (Dkt. # 52) is **denied**.

**DATED** this 11th day of August, 2014.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE