UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BLAKE ROBERT HOBBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-CV-0673-CVE-FHM |
| | ) | |
| RUI ZHAO, d/b/a R & M Express; GRAND | ) | |
| EXPRESS CORP.; and AMAZON.COM, INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the Court is plaintiff's motion for leave to amend (Dkt. # 85). "In the interest of having everybody involved in the chain of transportation in the case," plaintiff seeks to amend his amended complaint (Dkt. # 28) to add two new defendants--"Time Logistics" and "Am Trans Expedite." Dkt. # 85, at 1. Plaintiff states that defense counsel for the existing defendants do not object to the amendment. Dkt. # 85, at 1-2. Federal Rule of Civil Procedure 15 allows a party to amend a pleading "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). As plaintiff has not attached or expressly stated that he has received the written consent of the defendants to his motion,[1] amendment requires leave of this Court.

---

[1] The Rule specifically requires "written consent," not simply the moving party's assurance that there is no objection. FED. R. CIV. P. 15(a)(2); see also 6 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 1490 (3d ed.) [hereinafter FEDERAL PRACTICE & PROCEDURE] ("In order to be certain that the adverse party in fact has given consent and does not object to the proposed amendment, Rule 15(a) requires that the consent be written."). Plaintiff is not unaware of this requirement, as it was the basis of this Court vacating its order to strike plaintiff's amended complaint. See Dkt. # 32, at 1.

Rule 15 states that courts "should freely give leave [to amend] when justice so requires." Id. The rule is to be applied liberally. See Gillespie v. U.S. Steel Corp., 379 U.S. 148, 158 (1964); see also FEDERAL PRACTICE & PROCEDURE § 1473 ("Rule 15(a) therefore reinforces one of the basic policies of the federal rules--that pleadings are not an end in themselves but are only a means to assist in the presentation of a case to enable it to be decided on the merits."). However, the Court may deny a motion for leave to amend if it finds any "apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962).

The Court finds three reasons to deny granting leave to amend. First, as per the Court's first amended scheduling order, the deadline for motions for joinder of additional parties was July 1, 2014. Dkt. # 48.[2] Plaintiff filed the present motion on November 14, 2014, more than four months after the deadline had passed. Second, plaintiff did not comply with the applicable Local Civil Rule, which requires any motion to add parties to "be accompanied by a proposed order . . . which specifically sets forth . . . the names of parties being added." LcvR 7.2(l). Plaintiff's motion states that the parties to be added are "Time Logistics" and "Am Trans Expedite," but plaintiff fails to provide a proposed order precisely naming those parties. Third, the Court finds undue delay in plaintiff's motion. This action was removed to this Court more than one year ago, see Dkt. # 2, and discovery began approximately eleven months ago. Dkt. ## 20, 21. Plaintiff has already amended

---

[2] As the second and third amended scheduling orders (Dkt. ## 58, 81) were entered after July 1, 2014, no new deadline was given for motions for joinder of additional parties.

his complaint once to add parties "in the chain of transportation." See Dkt. # 28.[3] Plaintiff has given the Court no reason to believe that he could not have added Time Logistics or Am Trans Expedite at an earlier point.[4] For these three reasons, the Court denies plaintiff leave to amend his complaint.

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to amend (Dkt. # 85) is hereby **denied**.

**DATED** this 17th day of November, 2014.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[3] The Court can see no need to have "everybody involved in the chain of transportation" as a defendant, especially as this case does not involve a products liability claim. Dkt. # 85, at 1. It appears that complete recovery is possible without Time Logistics and Am Trans Expedite, and plaintiff has given the Court no reason to believe either that they are indispensable parties or that complete relief is impossible without them.

[4] This is especially true for Time Logistics, which defendant Amazon.com, Inc., repeatedly mentioned in its August 25, 2014 motion for summary judgment. See Dkt. # 66.