# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BLAKE ROBERT HOBBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-CV-0673-CVE-FHM |
| | ) | |
| RUI ZHAO, d/b/a R & M Express; | ) | |
| GRAND EXPRESS CORP.; and | ) | |
| AMAZON.COM, INC.; | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is the motion for summary judgment (Dkt. # 66) of defendant Amazon.com, Inc. (Amazon). Pursuant to Fed. R. Civ. P. 56, Amazon seeks summary judgment as to plaintiff's claims of negligent entrustment and negligent hiring, arguing that plaintiff cannot show the existence of a duty of care. Dkt. # 66. Plaintiff responds that Amazon owed him a duty of care under Oklahoma law and, thus, that summary judgment is not warranted. Dkt. # 96. Amazon has filed a reply to plaintiff's response. Dkt. # 108. Defendant Rui Zhao also filed a reply to plaintiff's response to Amazon's motion.[1] Dkt. # 104.

## I.

Zhao had been a commercial driver in the United States for approximately four years when, in the first week of December 2012, he drove to an Amazon distribution center in Hebron, Kentucky to pick up a cargo owned by Amazon. Dkt. # 96, at 2; Dkt. # 96-5, at 8. Amazon did not contact Zhao directly regarding the cargo; instead, Amazon sent a prospective price (a "bid") for the cargo

---

[1] Zhao's reply consists only of disputes as to plaintiff's statement of material facts; it includes no argument or legal authorities related to Amazon's motion. Dkt. # 104, at 1-4. Zhao is a stranger to the pending motion, and his reply is irrelevant.

to all of the transportation companies that Amazon had previously approved as "primary carriers." Dkt. # 96-3, at 19. Approval as a primary carrier requires a transportation company to meet numerous qualifications, including timeliness, safety, service, and cost. Id. at 21. Time Logistics Couriers, LLC (TLC), a third-party logistics company that had previously been approved as a primary carrier, accepted Amazon's bid to carry the cargo. Id. at 19. Rather than transport the cargo itself, TLC brokered it to Am Trans Expedite, Inc. (ATE), another logistics company; ATE in turn brokered the cargo to defendant Grand Express Corp. (Grand), also a logistics company.[2] Dkt. # 96, at 2. Grand contacted Zhao by phone about the cargo, informing him of its location and the requirements for its delivery. Dkt. # 96-5, at 9. Zhao agreed to transport the cargo. Id. At the time, Zhao operated as R & M Express, a business entity formed in California; he was the sole owner of R & M Express, and he was also its only driver. Id. at 8. Amazon had no contact with ATE, Grand, or R & M Express, and its only contact with Zhao was when he arrived in Kentucky. See Dkt. # 96-3, at 20-21.

Zhao picked up the cargo and began transporting it to Amazon's distribution center in Phoenix, Arizona. See Dkt. # 96-3, at 24. Zhao used his own tractor and trailer to transport the cargo. Dkt. # 96, at 2-3, 10. On the morning of December 8, 2012, Zhao was driving west on Interstate 44 near Big Cabin, Oklahoma. Dkt. # 96-7, at 1. An accident occurred, the details of which are heavily disputed by the parties. Compare Dkt. # 96, at 3, with Dkt. # 96-5. As a result of the accident, plaintiff suffered severe injuries. Dkt. 96-7, at 1. Plaintiff filed suit in Oklahoma state

---

[2] TLC and ATE are not parties in this lawsuit. See Dkt. # 86. Plaintiff has filed a separate lawsuit naming TLC and ATE as defendants. See Hobbs v. Time Logistics Couriers, LLC et al., 14-cv-0746-GKF-TLW (N.D. Okla.).

court, naming Zhao and his insurer as defendants.[3] Dkt. # 2-1. Zhao removed to this Court on the basis of diversity jurisdiction. Dkt. # 2. Four months after removal, plaintiff amended his complaint to add Amazon and Grand as defendants. Dkt. # 28. Amazon moves for summary judgment as to its liability flowing from the accident. Dkt. # 66.

## II.

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 317. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Id. at 327.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could

---

[3] Zhao's insurer has since been terminated from the case. Dkt. # 61.

3

reasonably find for the plaintiff." Anderson, 477 U.S. at 252. In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 250. In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir. 1998).

**III.**

Amazon moves for summary judgment as to plaintiff's claims of negligent entrustment and negligent hiring. Dkt. # 66, at 6-10. The Oklahoma Supreme Court has recognized both negligent entrustment and negligent hiring as torts under Oklahoma law. See Green v. Harris, 70 P.3d 866, 868-69 (Okla. 2003) (providing the elements of negligent entrustment of a vehicle); Jordan v. Cates, 935 P.2d 289, 293 (Okla. 1997) ("It is well settled that Oklahoma recognizes a cause of action for negligent hiring and retention." (citing Mistletoe Express Serv., Inc. v. Culp, 353 P.2d 9 (Okla. 1960)). The Court has reviewed the amended complaint and finds that plaintiff has stated a claim against Amazon for negligent entrustment of cargo only, without stating a claim for negligent hiring.[4] Dkt. # 28. However, because Amazon assumes that plaintiff has stated a claim for negligent

---

4     The entirety of plaintiff's claim against Amazon is as follows:

> At the time of the collision above-referenced, Defendant Zhao was carrying cargo for Defendant Amazon.com . . . whose business[] include[s] movement of cargo. Said Defendant[] Amazon.com . . . [was] negligent in <u>entrusting</u> [its] cargo to Defendant Zhao. . . . As a result of . . . the negligence of Defendant[] Amazon.com . . . in <u>entrusting</u> to Defendant Zhao, a violent crash ensued, inflicting severe, painful and permanent injuries on the Plaintiff . . . .

Dkt. # 28, at 2 (emphasis added). At no point in the amended complaint does plaintiff allege that Amazon--or any other entity--hired Zhao, negligently or otherwise.

4

hiring and because it did not move to dismiss for failure to state a claim, the Court will address both claims on the merits.

A. Negligent Entrustment

Plaintiff alleges that Amazon negligently entrusted Zhao with its cargo. "Under Oklahoma law, the three essential elements of a claim of negligence are: '(1) a duty owed by the defendant to protect the plaintiff from injury, (2) a failure to properly perform that duty, and (3) the plaintiff's injury being proximately caused by the defendant's breach.'" Gaines-Tabb v. ICI Explosives, USA, Inc., 160 F.3d 613, 620 (10th Cir. 1998) (quoting Lockhart v. Loosen, 943 P.2d 1074, 1079 (Okla. 1997)). For purposes of negligent entrustment, "[a]n owner [or provider] of a vehicle [or other dangerous instrumentality] has a duty to use ordinary care to avoid lending it to another person whom he knows [or reasonably should know] is [intoxicated/careless/reckless/incompetent to drive]." OKLA. UNIFORM JURY INSTR. NO. 10.16 (2014) (bracketed language in original). Amazon argues that summary judgment is warranted because it did not entrust a vehicle or other dangerous instrumentality to Zhao. Dkt. # 66, at 6. Plaintiff responds that Amazon's "negligence is in entrusting its cargo to travel on the highways."[5] Dkt. # 96, at 10. As plaintiff admits that the tractor and trailer used to haul the cargo belonged to Zhao and were not given to him by Amazon, see Dkt. # 96, at 2, 4, 10-12, the question is whether the cargo inside the trailer constitutes a "dangerous instrumentality" under Oklahoma law. As the presence of a dangerous instrumentality is required

---

[5] Plaintiff also states that "[i]f one is to split hairs, [Schramm v. Foster, 341 F. Supp. 2d 536 (D. Md 2004)], relied upon by both parties, would say that the tractor-trailer was not negligently entrusted, but using Defendant Zhao with his tractor-trailer might be a negligent hiring. It is this latter liability upon which, obviously, Plaintiff bases his case." Dkt. # 96, at 10. However, as noted above, negligent entrustment and negligent hiring are separate torts under Oklahoma law; whether Amazon negligently hired Zhao does not affect its liability for negligently entrusting its cargo to Zhao.

5

for the existence of a legal duty of care on a claim of negligent entrustment, the Court addresses the issue as a question of law.[6] Miller v. David Grace, Inc., 212 P.3d 1223, 1227 (Okla. 2009) ("The issue of whether a duty existed is a question of law.").

Although no Oklahoma authority defines when a particular object becomes a "dangerous instrumentality," the Supreme Court of Kansas has defined dangerous instrumentalities as "instrumentalities or substances which by their very nature are calculated to do injury." Falls v. Scott, 815 P.2d 1104, 1109 (Kan. 1991). Oklahoma courts have repeatedly found vehicles and firearms to be dangerous instrumentalities in negligent entrustment cases. E.g., Green, 70 P.3d at 868 (automobile); Ingram v. State, 786 P.2d 77, 81 (Okla. 1990) (firearm). In Vance ex rel. Vance v. Thomas, 716 P.2d 710 (Okla. Civ. App. 1986), the Oklahoma Court of Civil Appeals concluded that an air rifle, though not inherently dangerous, could become a dangerous instrumentality in the hands of a child who had no knowledge of its potential for harm. Id. at 712. Plaintiff provides no evidence to show how Amazon's cargo, which was loaded inside Zhao's trailer, see Dkt. #96-7, at 2, could be a dangerous instrumentality under Oklahoma law. Unlike firearms and vehicles, loaded cargo is not "calculated to do injury." Falls, 815 P.2d at 1109. Moreover, there is no evidence that the cargo became a dangerous instrumentality after being loaded. See Vance, 716 P.2d at 712. While the parties vigorously dispute how the accident occurred, compare Dkt. # 96, at 3, with Dkt. # 96-5, at 10, no party asserts that the cargo--as opposed to the tractor or trailer--was in any way involved.

---

[6]  Even were the issue a question of fact, the Court would still be able to decide it as a matter of law because no reasonable jury could find the cargo here to be a dangerous instrumentality. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) ("[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.").

The Court finds that Amazon's cargo was not a "dangerous instrumentality" for purposes of a negligent entrustment claim under Oklahoma law.

To support the existence of duty of care on the part of Amazon, plaintiff relies heavily on Hudgens v. Cook Industries, Inc., 521 P.2d 813 (Okla. 1973). In that case, the Oklahoma Supreme Court imposed liability on a company after an independent contractor who was transporting wheat for the company caused an accident. Id. at 816. However, Hudgens concerned the company's negligent hiring of the driver, not its negligent entrustment of cargo to the driver. See id. ("Where there is foreseable [sic] risk of harm to others unless precautions are taken, it is the duty of one who is regularly engaged in a commercial enterprise which involves selection of motor carriers as an integral part of the business, to exercise reasonable care to select a competent carrier."). Thus, Hudgens does not support the argument that Amazon owed plaintiff a duty of care under a theory of negligent entrustment.

Oklahoma law requires that a party have provided "a vehicle [or other dangerous instrumentality]" before it will impose a duty of care. OKLA. UNIFORM JURY INSTR. NO. 10.16 (2014) (bracketed language in original). Amazon provided Zhao with cargo, and only with cargo; it did not provide him with the tractor or trailer used to transport the cargo. See Dkt. # 96, at 2, 4, 10-12. The cargo was not a dangerous instrumentality. Thus, plaintiff cannot prove that Amazon owed plaintiff a duty of care, and Amazon is entitled to judgment as a matter of law. Summary judgment is granted in favor of Amazon as to plaintiff's negligent entrustment claim.

B. Negligent Hiring

The parties assume that plaintiff has stated a claim against Amazon for negligent hiring. A claim for negligent hiring, supervision, or retention seeks to find an employer "liable for [its] prior

knowledge of the servant's propensity to commit the very harm for which damages are sought." N.H. v. Presbyterian Church (U.S.A.), 998 P.2d 592, 600 (Okla. 1999). "Generally, an employer is not liable for the negligent acts or omissions of an independent contractor committed in the course of performing the contracted service." Bouziden v. Alfalfa Elec. Co-op., Inc., 16 P.3d 450, 455 (Okla. 2000) (citing Hudgens, 521 P.2d at 815). However, Oklahoma has established a number of exceptions to this general rule, including for "work which will in the ordinary course of events cause injury to others if certain precautions are omitted, but which may as a general rule be executed with safety if those precautions are taken." Hudgens, 521 P.2d at 815 (citing Burke v. Thomas, 313 P.2d 1082, 1088 (Okla. 1957)). For such occupations, "the employer is relieved of liability for the negligent acts of an independent contractor which he has employed . . . when the employer . . . exercise[s] due care in selecting a competent contractor for the necessary work." Id. at 816.

Plaintiff, relying primarily on Hudgens, argues that Amazon owed plaintiff a duty of care in selecting Zhao to transport the cargo. Dkt. # 96, at 9-13. In Hudgens, the defendant shipping company hired John Edwards to haul a cargo of wheat. Hudgens. 521 P.2d at 814. Edwards had a "lengthy history of prior arrests and accidents," he did not have a permit to haul grain in Oklahoma, and he had a history of drinking alcohol while driving. Id. Furthermore, Edwards's equipment was "grossly defective"; the tires, brakes, brake bands, and axles were in such poor condition that "it would have been unsafe to drive even when unloaded." Id. at 815. The company left the hiring of drivers to its truck manager, who made no inquiries as to Edwards's driving record, insurance, or equipment. Id. Unsurprisingly, Edwards caused an accident when his trailer failed to follow his tractor around a curve. Id. The Oklahoma Supreme Court held that "it is the duty of one who is regularly engaged in a commercial enterprise which involves selection of motor carriers as an

8

integral part of the business, to exercise reasonable care to select a competent carrier. Failure to exercise such care may create liability on the part of the employer for the negligence of that carrier." Id. at 816.

However, Hudgens does not support plaintiff's position. Hudgens requires a company like Amazon, which routinely ships goods, to "exercise reasonable care to select a competent carrier." Id. (emphasis added). Plaintiff argues that this statement means that Amazon must have used reasonable care to "select" Zhao. Dkt. # 96, at 8-9. However, Amazon did not "select" Zhao. "To select" means "to choose (as by fitness or excellence) from a number or group; pick out." MERRIAM WEBSTER'S COLLEGIATE DICTIONARY 1059 (10th ed. 1994). Plaintiff's own statement of facts lays out the chain of interactions separating Zhao and Amazon: first, Amazon put the cargo up for bid, and TLC accepted the bid; next, TLC brokered the cargo to ATE; then, ATE brokered the cargo to Grand; finally, Grand contacted Zhao. Dkt. # 96, at 2. It is clear from this multitude of layers that Amazon did not select Zhao to carry the cargo; Amazon had no contact with Zhao until he arrived on site in Kentucky. See Dkt. # 96-3, at 20-21. Obviously, Amazon cannot be said to have chosen Zhao when it had no contact with him. By contrast, the trucking manager in Hudgens hired Edwards directly. Hudgens, 521 P.2d at 815. Instead, Amazon selected TLC, as that is the carrier[7] that accepted Amazon's bid to transport the cargo. Id. at 20. Plaintiff does not argue that Amazon did not use reasonable care in selecting TLC, and the uncontested evidence shows that Amazon required TLC to become a "primary carrier," which involved an examination of TLC's qualifications. Id. at

---

[7] Oklahoma statute defines a "motor carrier of persons or property" as any individual or entity "operating upon any public highway for the transportation of passengers or property for compensation or for hire or for commercial purposes, and not operating exclusively within the limits of an incorporated city or town within this state." OKLA. STAT. tit. 47, § 230.23(6).

9

21. Because Amazon did not "select" Zhao to carry the cargo, Amazon is not liable for Zhao's negligence.

Plaintiff argues that Amazon owed him a duty of care because the duty described in Hudgens is non-delegable. Dkt. # 96, at 9 (citing Copeland v. Lodge Enters., 4 P.3d 695 (Okla. 2000)). As discussed above, Amazon did not "select" Zhao, so it owed no duty, delegable or otherwise, to anyone injured by Zhao's alleged negligence. Plaintiff also argues that Amazon owed a duty of care because it "had personal contact with Defendant Zhao (when he came to get his trailer loaded and left with it)," and because it could "judge for itself . . . the appropriate characteristics" of Zhao. Dkt. # 96, at 9. However, these arguments address whether Zhao was a "competent contractor" as outlined by Hudgens, an issue the Court need not reach in light of the fact that Amazon did not select Zhao to transport the cargo.[8]

A company that regularly ships goods has a duty to use reasonable care in selecting the carrier it will use to transport those goods; if it does not, it will be liable for the negligence of the carrier. Hudgens, 521 P.2d at 816. Amazon selected TLC to carry its goods, and there is no evidence that it did not use reasonable care in making that selection. More importantly, Amazon did not select Zhao and, thus, any negligence on Zhao's part cannot be ascribed to Amazon. Summary judgment is granted in favor of Amazon on plaintiff's negligent hiring claim.

---

[8] The same is true for plaintiff's many other arguments against Zhao's fitness to carry the cargo, including his level of English fluency, his previous driving violations, the alleged lack of functioning lights on his trailer, and the lack of a co-driver. Dkt. # 96, at 11.

**IT IS THEREFORE ORDERED** that the motion for summary judgment (Dkt. # 66) of Amazon.com, Inc. is hereby **granted**. Defendant Amazon.com, Inc. is terminated as a party defendant.

**DATED** this 2nd day of February, 2015.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE